UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PROTECTIVE LIFE INSURANCE COMPANY,**

    **Plaintiff,**

v.              Case No: 6:22-cv-2039-ACC-EJK

**JILL M. DOWLING, MICHAEL F. BILLER, JR., NICOLLE D. CINCO, DEBORAH L. WYATT, and AMERICAN FUNERAL FINANCIAL, LLC,**

    **Defendants.**

## ORDER

This cause comes before the Court on Interpleader Plaintiff's Motion for Entry of Clerk's Default Against Interpleader Defendant, American Funeral Financial, LLC (the "Motion") (Doc. 26), filed January 4, 2023. Upon consideration, the Motion is due to be granted.

### I. BACKGROUND

On November 4, 2022, Interpleader Plaintiff, Protective Insurance Company, filed a Complaint-in-Interpleader ("Complaint") against five Interpleader Defendants: Jill M. Dowling, Michael F. Biller, Jr., Nicolle D. Cinco, Deborah L. Wyatt, and American Funeral Financial, LLC (collectively, "Interpleader Defendants"). (*See* Doc. 1.) In its Complaint, Interpleader Plaintiff seeks to determine who among the Interpleader Defendants is owed the Insured's life insurance policy's death benefit. (*See*

*id.*) Interpleader Defendant Jill M. Dowling filed an Answer and Crossclaim (Doc. 10) to the Complaint. Relevant here, Interpleader Plaintiff served Interpleader Defendant, American Funeral Financial, LLC ("American Funeral") on November 10, 2022 (Doc. 21), but to date, American Funeral has not responded to the Complaint.

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

American Funeral is a South Carolina limited liability company. (Doc. 1 ¶ 6.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). Here, the Affidavit of Service indicates that the process server served American Funeral's registered agent on November 10, 2022. (Doc. 21.) Therefore, service was effective on American Funeral Financial, LLC under Federal

Rule of Civil Procedure 4(h). As more than 21 days have elapsed since American Funeral has been served and it has filed no responsive pleading, a default is due to be entered against it. Fed. R. Civ. P. 12(a)(1)(A)(i).

However, the Court notes that, if Interpleader Plaintiff intends to seek entry of a default judgment against American Funeral, several issues must first be addressed. The Complaint alleges that Interpleader Plaintiff received e-mail correspondence from American Funeral that attached an Insurance Assignment from American Funeral, signed by Michael F. Biller, Jr., Nicolle D. Cinco, and Deborah Wyatt, assigning $2,424.28 of the proceeds of "Policy No. 5206415203" to American Funeral to cover the Insured's funeral and burial expenses. (Doc. 1 ¶ 18.) Thus, it must be determined where among the Interpleader Defendants American Funeral stands in order of priority for payment. *See State Farm Life Ins. Co. v. Stout*, No. 6:22-cv-614-WWB-DAB, Doc. 58 at 4–5 (Sept. 22, 2022). Moreover, the risk of inconsistent judgments becomes an issue when the claims of the other Interpleader Defendants remain outstanding. *See id.* at 5–6.

Given these issues, the undersigned will temporarily stay the deadline for Plaintiff to seek a default judgment against American Funeral. *See* Local Rule 1.10(c) (requiring a party to apply for a default judgment within thirty-five days after entry of default). Moreover, since Plaintiff is in receipt of claim information from American Funeral, <u>the undersigned will direct Plaintiff to make a good faith effort to contact a representative from American Funeral and request its presence at the court-ordered mediation</u>. (Doc. 34.)

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Interpleader Plaintiff's Motion for Entry of Clerk's Default Against Interpleader Defendant, American Funeral Financial, LLC (Doc. 26) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter default against American Funeral Financial, LLC.

2. Interpleader Plaintiff **SHALL** make a good faith effort to contact a representative from American Funeral and request its presence at the court ordered mediation to be held **on or before February 28, 2023**. (*See* Doc. 34.) Prior to the mediation, **a notice must be filed** setting forth the dates and manner in which Plaintiff attempted to contact American Funeral for this purpose.

**DONE** and **ORDERED** in Orlando, Florida on January 20, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE